# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv102

| | |
|---|---|
| FIREMEN'S INSURANCE COMPANY ) | |
| OF WASHINGTON, D.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| DEERING-HESTER, LLC; MICHAEL E. ) | |
| ELKINS; and D&J DEVELOPMENT, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on the court's own motion for cause. Review of the pleadings reveals that plaintiff did not submit to the Clerk of this court summonses for issuance with the Complaint. While the submission of summonses is not mandated by Rule 4, Federal Rules of Civil Procedure, it is the usual and customary practice when conventional service is sought. On two occasions - - March 11, 2009, and March 19, 2009 - - the Clerk of this court inquired of plaintiff and requested that plaintiff submit summonses to the Clerk for issuance; however, the Clerk reports that counsel for plaintiff advised that he would do something "soon."

The reason that the submission of summonses is not required with the filing of the Complaint is the availability of wavier of service under Rule 4(d). While waiver

-1-

of service does not require the issuance of a summons, Rule 4(c)(4), counsel has not indicated to the Clerk that waivers are being sought. Inasmuch as the 120 days for service begins from the filing of the Complaint and not from the issuance of summonses, Rule 4(m), the lack of issuance of summonses from the outset cuts into plaintiff's own time and could be considered as weighing against any request for extension of the Rule 4(m) deadline under Rule 6.

Counsel for plaintiff is advised that Section 2201 actions are discretionary and while Rule 4 does not obligate the plaintiff to seek issuance of summonses at the commencement of the action, such a delay may also come into play when the court considers the Section 2201 Nautilus factors. Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 375 (4th Cir.1994), *overruled on other grounds*, Wilton v. Seven Falls Co., 515 U.S. 277 (1995). Further, as a matter of courtesy, it is imperative to either comply with the Clerk's requests or give a reason, such as the seeking of waivers under Rule 4(d), so that the Clerk's time can be spent on other more pressing matters. Because a clear answer was not provided to the Clerk, the Clerks office as well as two judge's chambers have been called upon to address this issue. The practice in the Western District is collegial, with such expectation of courtesy extending to the staff members of counsel as well as court employees.

**ORDER**

**IT IS, THEREFORE, ORDERED** that not later than April 3, 2009, plaintiff either submit its summonses for issuance by the Clerk or file a notice that it is seeking waivers of service under Rule 4(d).

Signed: March 27, 2009

Dennis L. Howell
United States Magistrate Judge